IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| REIDIE JACKSON, PRO SE, § | |
| also known as REIDIE JAMES JACKSON, § | |
| TDCJ-CID No. 1164177, § | |
| Previous TDCJ-CID No. 795456, § | |
| Previous TDCJ-CID No. 874760, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:14-CV-0035 |
| § | |
| MATTHEW SNEAD, C.O., § | |
| BARRY MARTIN, Senior Warden, and § | |
| RAMON LONG, Sgt., § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL**

Plaintiff REIDIE JACKSON, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff complains that, on July 19, 2013, he was escorted by defendants SNEAD and LONG to a new cell because of a level demotion plaintiff received for fighting with another inmate. Plaintiff alleges SNEAD and LONG commented on a lawsuit plaintiff was litigating and, LONG told SNEAD to "take all of plaintiff's property to see if they could 'stop some of [his] complaining.' " Plaintiff says he lay down on the floor, refusing to walk, and had to be carried to his cell. This was viewed by TDCJ as a use of force and SNEAD and LONG were required to fill out paperwork accordingly. Plaintiff states they "expressed their dislike by confronting plaintiff

verbally" and LONG instructed SNEAD not to feed plaintiff "as punishment for causing the disturbance when plaintiff laid on the floor."

Plaintiff alleges, at dinner, defendant SNEAD did not feed plaintiff. Two other inmates saw this and took their food slots hostage, necessitating the use of force to regain control of the slots. Plaintiff says defendants LONG and SNEAD made several threatening remarks as they left and plaintiff wrote a grievance and an I-60 to the Senior Warden.

Plaintiff says the acts and omissions of defendants LONG and SNEAD were "a meeting of the minds to deliberately act and conspire as an organized gang." Plaintiff makes vague and global accusations of inmates being starved and poisoned, etc., but does not make any specific allegations with respect to this matter.

Plaintiff alleges that, on August 14, 2013, defendant SNEAD propositioned several inmates to put a "hit" on plaintiff in return for some tobacco, but they all refused. Plaintiff says defendant SNEAD told him if he would come out to the recreation yard to fight an inmate, the "retaliation/harassment would cease." Plaintiff says he replied that he was on recreation restriction. Plaintiff says SNEAD responded plaintiff would go or suffer the consequences.

Plaintiff alleges defendant LONG sent an Officer Montoya to escort plaintiff to the recreation area and, as plaintiff walked with Montoya, defendant SNEAD yelled at plaintiff and rushed him, tackling plaintiff to the floor and punching him repeatedly in the face. Plaintiff alleges Officer Montoya eventually stopped defendant SNEAD, but SNEAD continued to choke plaintiff, twist plaintiff's ears, and commit other "malicious harms" to cause plaintiff pain. Plaintiff says he was taken to "medical" and the beating resulted in a swollen eye, large knots across plaintiff's head and face, and right side facial paralysis.

Plaintiff further alleges the use of force has become a competition between officials on the Clements Unit and those on participating facilities.

Plaintiff alleges defendant BARRY MARTIN is the Senior Warden on the Clements Unit and is responsible for the overall running of the Clements Unit and for ensuring the unit has "enough employees to properly maintain order within the daily activities such as recreation for administrative segregation, escorts to medical appointment and other pertinent activities which require the presence of security personnel."

Plaintiff alleges defendant MARTIN has "exhibited supervisory indifference and/or tacit authorization" of various abusive practices of Clements Unit personnel and is "involved in a conspiracy which unnecessarily restrains plaintiff . . . without an opportunity to attend recreation for months on end," with resulting brain/motor skill impairment, loss of other basic faculties such as smell, taste, hearing and basic social skills . . .." Plaintiff alleges defendant MARTIN allows his staff to falsify documents stating they are recreating inmates when he has evidence that they are not and intentionally understaffs the unit.

Plaintiff says he has read *Ruiz v. Estelle*, and claims defendant MARTIN is participating in a conspiracy to deprive plaintiff of his liberty interest in the remedial decree.

Plaintiff claims MARTIN's practices have denied him the minimum civilized measure of life's necessities and that his acts or omissions are for the purpose of protecting the unconstitutional practices on the Clements Unit.

Plaintiff requests unspecified injunctive relief from defendant MARTIN, and, with respect to all defendants, plaintiff requests declaratory judgment, compensatory and punitive damages, costs, and fees.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

**DECLARATORY RELIEF**

Declaratory Judgment is authorized by the Federal Declaratory Judgment Act which states, in relevant part, "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a).  Further, "the existence of another adequate remedy

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

does not preclude a judgment for declaratory relief in cases where it is appropriate." FED. R. CIV. PRO. 57.

A proper purpose of section 2201(a) is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires. *Texas Employers' Ins. Assoc. v. Jackson,* 862 F.2d 491, 505 (5th Cir.1988). It is, by its nature, a defensive action, "allowing prospective defendants to sue to establish their nonliability." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 5904, 79 S.Ct. 948, 953, 3 L.Ed.2d 988 (1959). Plaintiff JACKSON is not seeking to avoid damages that might accrue due to a delayed assertion of a claim by others; nor is he asking to be relieved of the threat of suit by asserting a valid defense. Instead, plaintiff, in an offensive stance, is asking the Court to declare the defendants are liable for alleged past wrongful conduct. Plaintiff has not shown how the Declaratory Judgment Act properly applies and, with respect to this particular form of relief, has failed to state a claim on which relief can be granted.

**CONSPIRACY**

Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983, *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990). Plaintiff's vague and conclusory allegations do not state a claim of conspiracy on which relief can be granted.

**DEFENDANT MARTIN**

To the extent plaintiff's claims against defendant MARTIN are based upon his supervisory capacity, the acts of subordinates trigger no individual section 1983 liability for

supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999).  A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*).  Plaintiff has alleged no fact demonstrating personal involvement by this official and has alleged no fact showing any causal connection between any of his acts or omissions and the alleged constitutional violation.  Consequently, plaintiff's allegations against defendant MARTIN fails to state a claim on which relief can be granted.

Further, plaintiff states no facts to support any claim of retaliation against defendant MARTIN and his allegations against MARTIN fail to state a claim on which relief can be granted.

Plaintiff's claim that defendant MARTIN is participating in a conspiracy to deprive plaintiff of his liberty interest in the *Ruiz v. Estelle* remedial decree lacks an arguable basis in law.  Further, plaintiff has stated no material fact(s) to support his claim of conspiracy.  To the extent plaintiff seeks in this section 1983 action to enforce the *Ruiz* decree, or any portion of it, the *Ruiz* decree, by itself, does not create constitutional rights that may be indicated by individual prisoners.  *Green v. McKaskle*, 788 F.2d 1116, 1124 (5th Cir. 1986).

**DEFENDANTS LONG AND SNEAD**

At various points in his statement of facts, plaintiff complains about threats allegedly made by defendants LONG and SNEAD.  It is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim.  *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993).

Mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)); *see, also, Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (threatening language because a prisoner exercises his right of access to court does not amount to a constitutional violation). Consequently, the remarks plaintiff attributes to LONG and SNEAD will not support a claim of violation of plaintiff's constitutional rights.

Plaintiff claims LONG instructed SNEAD not to feed plaintiff "as punishment for causing the disturbance when plaintiff laid on the floor," causing prison officials to have to carry him to his cell. Plaintiff appears to allege this was an act of retaliation. To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The inmate must be able to point to a specific constitutional right that has been violated. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). Plaintiff cannot allege a claim of retaliation because he cannot show a constitutionally protected right to refuse orders to walk to his cell and can certainly not show any right to create a disturbance by choosing to lie down in the run, forcing prison officials to carry him.

Alternatively, the Court analyzes plaintiff's claim as an Eighth Amendment conditions of confinement claim. Confinement in conditions depriving prisoners of the "minimal measure of life's necessities" violates the Eighth Amendment when prison officials act with subjective deliberate indifference to such conditions of confinement. *See Harper v. Showers,* 173 F.3d 716, 719 (5th Cir.1999). To implicate the Eighth Amendment, the conditions of confinement must be

"cruel and unusual" under contemporary standards. *See Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). While the Constitution "does not mandate comfortable prisons," the Constitution does not permit "the wanton and unnecessary infliction of pain." *Id.* at 347, 349. The United States Court of Appeals for the Fifth Circuit has considered the issue of whether the deprivation of one meal violates the Eighth Amendment and has held it does not rise to a level of a constitutional deprivation. *Dickson v. Epps*, No. 3:13–CV–169–CWR–KB, 2013 WL 3822076, at *2 (5th Cir. July 23, 2013)(citing *Taylor v. Kaylo*, No. 00–31077, 2001 WL 498686, at *2 (5th Cir. Apr. 12, 2001)(citing *Palmer v. Johnson,* 193 F.3d 346, 352 (5th Cir.1999)); *see also Berry v. Brady,* 192 F.3d 504, 507-08 (5th Cir.1999)(affirming the dismissal of a prisoner claim as frivolous where he claimed he missed eight meals over a seven-month period)).

Plaintiff's claims against defendant LONG and SNEAD based upon this incident lack an arguable basis in law and are frivolous.

Plaintiff alleges on August 14, 2013, defendant SNEAD tried to hire other inmates with promises of tobacco in order to get them to put a "hit" on plaintiff but none of the inmates accepted the offer. Since the inmates refused SNEAD's alleged offer, plaintiff cannot show he suffered any injuries as a result of that alleged action and, therefore, cannot show an Eighth Amendment violation. Plaintiff has failed to state a claim on which relief can be granted. *Thomas v. Burnett*, No. 6:09-CV-130, 2010 WL 1417640, at *6, April 2, 2010 (E.D. Tex. Tyler Div.).

Plaintiff goes on to allege that defendant SNEAD attacked him while he was being escorted to recreation by Officer Montoya. Plaintiff alleges no material fact to show that defendant LONG conspired with defendant SNEAD in connection with this act and plaintiff has failed to state a conspiracy claim against defendant LONG.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that, with the exception of plaintiff's August 14, 2013 excessive force claims against defendant SNEAD, the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff REIDIE JACKSON be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 24th day of April, 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).